## UNITED STATES BANKRUPTCY COURT
### MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

| | |
|---|---|
| In Re: | ) Bankruptcy Case No.: 04-00538-OB1 |
| | ) |
| SEASONS IN THE SUN, LLC, | ) |
| | ) Chapter 11 |
| Debtor. | ) |
| | ) |
| _____ | ) Adversary Proceeding No. _____ |
| | ) |
| | ) |
| SEASONS IN THE SUN, LLC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| | ) |
| STEVEN D. PODNOS, MARY PODNOS, | ) |
| STEVEN PODNOS, as TRUSTEE FOR | ) |
| THE BREVARD PULMONARY 401(k) | ) |
| PENSION PLAN f/b/o STEVEN PODNOS, | ) |
| JANET SONDER and SCOTT PODNOS, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

### COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTIONS TO STOP DEFENDANTS FROM PROCEEDING WITH THEIR FORECLOSURE SALE AND TO ALLOW DEBTOR TO COMPLETE SALE OF REAL PROPERTY

**COMES NOW DEBTOR**, Seasons In The Sun, LLC, the Debtor in Possession, which respectfully complains to this Court as follows:

1.    Debtor filed its voluntary Chapter 11 petition on January 20, 2004. No trustee has been appointed in this case.

2.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1334.

3.    This proceeding constitutes a core proceeding as defined under 28 U.S.C. §157(b).

COMPLAINT FOR PRELIMINARY AND PERMANENT
INJUNCTIONS TO STOP DEFENDANTS FROM
PROCEEDING WITH THEIR FORECLOSURE
SALE AND T0 ALLOW DEBTOR TO COMPLETE
SALE OF REAL PROPERTY                    PAGE 1 OF 5

4.      Venue is proper in this Court pursuant to 28 U.S.C. §§1408 and 1409.

5.      Debtor seeks relief pursuant to 11 U.S.C. §363 and §105 and Rule 65 of the Federal Rules of Civil Procedure.

6.      Steven D. Podnos, et.al., ("Podnos") holds a senior mortgage on all of the real property which is owned by the Debtor's bankruptcy estate.

7.      Debtor is in the business of owning and operating an RV resort campground which consists of approximately 117 acres. Approximately 79.13 acres of said land are undeveloped and presently generate no operating revenue; the remaining 38.1 acres do generate operating revenue. Debtor is informed and believes, and on such information and belief alleges, that the aggregate value of Debtor's real property is an amount in excess of $5,600,000 . The total debt owed to Podnos, is approximately $1,944,430. Upon completion of the sale described below, Podnos' claim will be satisfied in full and Debtor will be able to propose a feasible Chapter 11 Plan of Reorganization which will pay 100% of all remaining claims against the estate. See the Declaration of Heather Calligan in support of this complaint and the accompanying application for temporary and permanent restraining orders.

8.      Debtor received an offer to buy the undeveloped 80 acres from Vero Pittsburg Partners, L.L.C. ("VPP") free and clear of liens for a cash purchase price of $2,950,000. Debtor filed a motion for authority to sell the property free and clear of liens and this Court entered an order authorizing Debtor to sell the undeveloped acreage on or about November 23, 2004. A copy of said order is attached hereto as **Exhibit B.**

9.      VPP has fully performed its obligations in accordance with the terms and conditions of the authorized sale and is awaiting final approval of a zoning change by the Board of County Commissioners of Brevard County, Florida to satisfy the one remaining condition precedent to completion of the sale. The zoning change has been approved by the Board of

County Commissioners pending final approval of the Binding Development Plan. A copy of a letter from the Board of County Commissioners is attached hereto as **Exhibit A.** Said letter outlines the remaining steps necessary for final county approval. Pursuant to the letter, final approval may not be made prior to the County Board of Commissioners meeting scheduled for July 12, 2005 (the Board of County Commissioners does not meet during the month of July).

10.     On or about November 19, 2004 this Court issued an order lifting the automatic stay to allow the senior secured creditor, Podnos, to continue with its foreclosure sale on all 117 acres of Debtor's real property. The order provides that a foreclosure sale may not occur prior to March 5, 2005. A copy of said order is attached hereto as **Exhibit C.**

11.     Debtor continues to make monthly adequate protection payments to Podnos in the amount of $16,200.

12.     Debtor seeks an extension of time to close the sale of the real property to VPP or to their assignees or successors (if any) beyond March 4, 2005 on the following grounds:

a.     Allowing the foreclosure sale to occur will result in serious, real and irreparable harm to the bankruptcy estate and to creditors of the estate because the Debtor will lose its only significant asset without which it cannot generate revenue or cash to satisfy claims against the estate;

b.     A delay of Podnos' foreclosure sale will cause no significant harm to Podnos since Podnos continues to receive adequate protection payments of $16,200 per month and because the Podnos note is amortized over 30 years (but for default in payment);

c.     Podnos is fully secured because its claim of $1,944,430 is secured by 117 acres of real property which has a present fair market value of not less than $5,600,000;

**d.**     If Podnos forecloses, Podnos will enjoy a windfall at the expense of creditors of the debtor estate who would receive nothing from the estate;

**e.**     Maintaining the status quo until the sale to VPP can be closed will not result in significant harm to Podnos but will result in significant benefit to creditors of the estate;

**f.**     There is no remedy at law to compensate the debtor estate for the harm which will occur if the foreclosure sale is allowed to occur;

**g.**     Debtor requested an extension of time from Podnos to close the sale but Podnos denied the request.

13.     Debtor expects to file a Disclosure Statement and Plan of Reorganization shortly after the Brevard County Board of County Commissioners completes the final approval of the zoning change which is the sole remaining condition precedent to closing the sale of the 79.13 acres. Generation of operating revenues from the retention of Debtor's remaining 38.1 acres of real property and the satisfaction of the Podnos claim by completion of the authorized sale are critical components of the Debtor's intended plan of reorganization. Debtor proposes to pay100% of allowed claims to creditors through its plan of reorganization if the sale closes; however, creditors will receive nothing if Podnos forecloses.

//

//

//

//

//

//

//

COMPLAINT FOR PRELIMINARY AND PERMANENT
INJUNCTIONS TO STOP DEFENDANTS FROM
PROCEEDING WITH THEIR FORECLOSURE
SALE AND T0 ALLOW DEBTOR TO COMPLETE
SALE OF REAL PROPERTY                    PAGE 4 OF 5

**Wherefore,** Debtor prays as follows:

1.    For issuance of preliminary and permanent injunctions preventing Podnos from

foreclosing on the real property described herein;

2.    In the alternative, to reinstate the Automatic Stay;

3.    For such other and further relief as the Court deems proper.

Date: 2/16/05

NEIL J. BUCHALTER, Esq.
Attorney for Debtor
Florida Bar No. 295647
P.O. Box 5087
Titusville, FL 32783
Telephone: (321) 636-9803
Facsimile:  (321) 269-1677

## VERIFICATION STATEMENT

I, Heather Calligan, managing member of Seasons in the Sun, LLC, debtor in possession,
hereby certify, and so state under penalty of perjury, that I have reviewed the content of the above
pleading and know its contents to be true and accurate.

Date: 2/16/05

Heather Calligan, Managing Member
Seasons in the Sun, LLC, Debtor in Possession

**COMPLAINT FOR PRELIMINARY AND PERMANENT
INJUNCTIONS TO STOP DEFENDANTS FROM
PROCEEDING WITH THEIR FORECLOSURE
SALE AND T0 ALLOW DEBTOR TO COMPLETE
SALE OF REAL PROPERTY**                    PAGE 5 OF 5